IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
    v.                        )        3:14cr316-MHT
                              )            (WO)
MAE GUSSIE DUCKWORTH          )
```

OPINION AND ORDER

This cause is before the court on defendant Mae Gussie Duckworth's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for December 1, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would ... result in a miscarriage of justice."  18 U.S.C. § 3161(h)(7)(B)(i).  Further, the court may consider "[w]hether the failure to grant such a continuance ... would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

2

interest of the public and Duckworth in a speedy trial. Duckworth represents that she currently is under consideration for pretrial diversion and that an investigation by United States Probation is underway and cannot be completed before the currently set trial date. Evaluation for pretrial diversion is a part of effective trial preparation, and denying pretrial diversion to an otherwise eligible defendant would constitute a miscarriage of justice. In addition, Duckworth represents that the government does not object to a continuance, and the court has heard no objection. Duckworth further asserts that neither she nor the government will be prejudiced by a continuance. A continuance is therefore warranted to enable Duckworth to be considered for pretrial diversion.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Mae Gussie Duckworth's motion for continuance (doc. no. 21) is granted.

(2) The jury selection and trial, now set for December 1, 2014, are reset for March 23, 2015, at 10:00 a.m., in the G.W. Andrews Federal Building & U.S. Courthouse, 701 Avenue A, Opelika, Alabama.

DONE, this the 19th day of November, 2014.

                          /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**